IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA BARRON, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| MOHAMMED HOSSAIN AND SPEEDY § | | Civil Action No. 3:17-cv-03468-N |
| UNITED USA, INC. D/B/A KING § | | |
| WASH & DRY AND D/B/A § | | |
| RUB-A-DUB DUB § | | |
|    Defendant. § | | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

TO THE HONORABLE COURT:

     COMES NOW Mohammed Hossain and Speedy United USA, Inc. (collectively "Defendants"), and files and serves their Answer, Affirmative Defenses and Counterclaim to the claims asserted by Maria Barron ("Plaintiff") and would respectfully show this Court the following:

**I.
ANSWER TO PLAINTIFF'S COMPLAINT**

**A.   Admissions and Denials**

     1.    Insofar as ¶ 1 of the Complaint makes factual allegations, Defendants deny any and all such allegations.

     2.    Defendants admit the allegations of ¶ 2 of the Complaint.

     3.    Defendants admit the allegations of ¶ 3 of the Complaint.

     4.    Defendants admit the allegations of ¶ 4 of the Complaint.

5. Insofar as ¶ 5 of the Complaint makes factual allegations, Defendants deny any and all such allegations.

6. Defendants admit the allegations of ¶ 6 of the Complaint.

7. Defendants deny the allegations of ¶ 7 of the Complaint.

8. Defendants deny the allegations of ¶ 8 of the Complaint.

9. Defendants deny the allegations of ¶ 9 of the Complaint.

10. Defendants deny the allegations of ¶ 10 of the Complaint.

11. Defendants deny the allegations of ¶ 11 of the Complaint.

12. Defendants deny the allegations of ¶ 12 of the Complaint.

13. Defendants deny the allegations of ¶ 13 of the Complaint.

14. Defendants deny the allegations of ¶ 14 of the Complaint.

15. Defendants deny the allegations of ¶ 15 of the Complaint.

16. Defendants deny the allegations of ¶ 16 of the Complaint.

17. Defendants deny the allegations of ¶ 17 of the Complaint.

18. Defendants deny the allegations of ¶ 18 of the Complaint.

19. Defendants deny the allegations of ¶ 19 of the Complaint.

20. Defendants deny the allegations of ¶ 20 of the Complaint.

21. Defendants deny the allegations of ¶ 21 of the Complaint.

22. Defendants deny the allegations of ¶ 22 of the Complaint.

23. Defendants deny the allegations of ¶ 23 of the Complaint.

24. Defendants deny the allegations of ¶ 24 of the Complaint.

25. Defendants deny the allegations of ¶ 25 of the Complaint.

26. Defendants deny the allegations of ¶ 26 of the Complaint.

27.     Defendants deny the allegations of Section VII and the relief sought.

**B.     Affirmative Defenses**

23.     Defendants hereby re-allege and re-state all denials, allegations, and affirmative defenses previously made herein, and in addition raises the following affirmative defenses, and to the extent any of the following affirmative defenses may be viewed as in any way inconsistent, they are pleaded in the alternative:

**(1)     First Affirmative Defense**

Without admitting liability, Defendants affirmatively states that Plaintiff has failed to mitigate any damages she may have suffered, if any.

**(2)     Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

**(3)     Third Affirmative Defense**

Defendants affirmatively reserve the right to assert additional affirmative defenses as discovery warrants.

## II.
## ORIGINAL COUNTERCLAIM

The Defendants, without waiving any of the above-described affirmative defenses, states the following by way of Counterclaim against the Plaintiff herein pursuant to Fed. R. Civ. P. 13.

**A.     Count Two: Declaratory Judgment**

24.     Defendants incorporate the above paragraphs as if fully set forth herein.

25.     Defendants bring this claim for a declaratory judgment under both Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201, 2202.

26. Defendants request that the Court declare that they never employed Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203 (d).

27. Defendants are entitled to and seeks costs and reasonable and necessary attorneys' fees as are just and equitable.

**B.     Count Two: Breach of Contract**

28. Defendants incorporate the above paragraphs as if fully set forth herein.

29. Pleading in the alternative, Defendants performed their obligations under their Agreement with Plaintiff. Plaintiff breached her obligations under the Agreement.

30. Defendants have suffered, and will suffer, substantial and foreseeable damages due to Plaintiff's breach. The breaches were material because Plaintiff did not substantially perform material obligations required under the Agreement. Defendants' damages are a natural, probable, and foreseeable consequence of Plaintiff's breach.

## III.
## JURY TRIAL DEMAND

31. Pursuant to Fed. R. Civ. P. 38(b), Defendants demands a jury trial on all issues so triable.

**WHEREFORE**, the Defendants Mohammed Hossain and Speedy United USA, Inc. pray that Plaintiff Maria Barron take nothing by way of her Complaint and that this Court award Defendants their costs, attorney's fees and all other proper relief.

Dated:   February 6, 2018

                                            Respectfully submitted,

                                            /s/ Michael R. Goldman
                                            Michael R. Goldman
                                            State Bar No. 24025383

>G<span style="font-variant:small-caps">oldman</span> L<span style="font-variant:small-caps">aw</span>, PC
>One Energy Square
>4925 Greenville Avenue, Suite 200
>Dallas, Texas 75206
>Phone: (972) 850-8490
>Facsimile: (972) 692-7265
>michael@goldmanlawpc.com
>
>**ATTORNEY FOR DEFENDANTS**
>**MOHAMMED HOSSAIN AND SPEEDY**
>**UNITED USA, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 6th day of February, 2018.

>/s/ Michael R. Goldman
>Michael R. Goldman